# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 14-10751

---

CONSOLIDATED WITH 14-10800

UNITED STATES OF AMERICA,

        Plaintiff - Appellee

v.

GHASSAN ELASHI,

        Defendant

v.

MAJIDA SALEM,

        Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2015

Lyle W. Cayce
Clerk

---

Appeals from the United States District Court
for the Northern District of Texas

---

Before BARKSDALE, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Appellant Majida Salem appeals the district court's final order of garnishment that orders her to pay the balance of the $3,500 special assessment that was part of her husband's criminal conviction and sentence. Because the Mandatory Victims Restitution Act authorizes the Government to garnish Salem's salary, we must AFFIRM.

No. 14-10751

## FACTS AND PROCEEDINGS

In 2009, Appellant Majida Salem's husband, Ghassan Elashi, was convicted of 35 counts of violating various federal laws. The district court sentenced Elashi to 65 years in prison and ordered him to pay a $3,500 special assessment. As of October 28, 2013, Elashi had paid only $587.12 of the assessment, resulting in a $2,912.88 balance.

Because Elashi's remaining debt was set to expire on May 27, 2014, *see* 18 U.S.C. § 3013(c), the Government filed an Application for Writ of Garnishment on November 5, 2013. The district court issued a writ of garnishment to Brighter Horizons Academy, Salem's employer, instructing the school to withhold 25% of Salem's take-home pay. *See* 15 U.S.C. § 1673. Brighter Horizons was served, and it filed an answer stating that Salem's monthly take-home pay is $3,362.12.

On December 3, 2013, Salem moved to quash the writ of garnishment, arguing that Texas state law exempted her wages from garnishment. The district court, however, denied Salem's motion, holding that state-law exemptions do not apply to the enforcement of federal criminal debt. The district court entered a final order of garnishment on July 2, 2014. Salem timely appealed.[1]

## STANDARD OF REVIEW

This court reviews a garnishment order for abuse of discretion. *United States v. Clayton*, 613 F.3d 592, 595 (5th Cir. 2010). A district court necessarily abuses its discretion if its conclusion is based on an erroneous determination

---

[1] Salem filed two notices of appeal. She first appealed from the district court's denial of her motion to quash. She appealed again from the district court's final order of garnishment. This court consolidated the two appeals. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. *See United States v. Branham*, 690 F.3d 633, 634–35 (5th Cir. 2012) (per curiam) (holding that only a final order of garnishment, but not an order denying a motion to dissolve a writ of garnishment, is a final appealable order under 28 U.S.C. § 1291).

No. 14-10751

of the law. *Id.* The controlling issue here is one of statutory interpretation, which is a question of law that the court reviews de novo. *Id.*

## DISCUSSION

The United States is enforcing the federal mandatory special assessment that was imposed at Elashi's sentencing. Special assessments are collected in the same manner as criminal fines and are therefore treated in the same manner as federal tax liens. *See* 18 U.S.C. §§ 3013(b), 3613(c). The Department of Justice filed a Notice of Lien in the public records in Dallas County to perfect the lien on Elashi's property.

Although federal law creates the lien on Elashi's property, state law defines the property interests to which the lien attaches. *See United States v. Rodgers*, 461 U.S. 677, 683 (1983) ("[I]t has long been an axiom of our tax collection scheme that, although the definition of underlying property interests is left to state law, the consequences that attach to those interests is a matter left to federal law."). Texas is a community property state. The Texas Family Code defines community property as "property, other than separate property, acquired by either spouse during marriage." Tex. Fam. Code Ann. § 3.002. All property that the spouses possess during their marriage is presumed to be community property, *id.* § 3.003, and each spouse has an undivided, one-half interest in all community assets, *Medaris v. United States*, 884 F.2d 832, 833 (5th Cir. 1989).

Community property is further classified as either solely managed community property or jointly managed community property. Solely managed community property is "the community property that the spouse would have owned if single, including . . . personal earnings" and three other categories that are not relevant to this appeal. Tex. Fam. Code Ann. § 3.102(a)(1). All other property is generally jointly managed community property. *Id.* § 3.102(c). Ordinarily, Texas law does not allow the creditor of one spouse to garnish the

No. 14-10751

non-debtor spouse's solely managed community property. *See id*. § 3.202(b). With two exceptions that are not relevant here, the Texas Constitution also states that "[n]o current wages for personal service shall ever be subject to garnishment." Tex. Const. art. XVI, § 28. The question on appeal is whether these state-law exemptions apply to the federal government when it is collecting special assessments. The district court held that they do not. We agree with the district court.

A comparison of the relevant federal provisions—the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3613, and the Federal Debt Collection Practices Act ("FDCPA"), 28 U.S.C. §§ 3001–3308—helps to resolve this issue. The MVRA authorizes the United States to collect federal criminal debts "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). The MVRA also broadly permits the United States, "[n]otwithstanding any other Federal law," to enforce a special-assessment order "against *all* property or rights to property of the person fined." *Id*. (emphasis added). Section 3613 further states that the only property exempt from garnishment is property that the United States cannot seize to satisfy the payment of federal income taxes. *See id*. Finally, the MVRA likewise explains that federal criminal debts are to be treated in the same manner as federal tax liens. *See id*. § 3613(c). Thus, under the MVRA, the Government could garnish Salem's wages.

In this case, the Government proceeded under the FDCPA, which authorizes the Government to garnish property "in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Under the FDCPA, however, "[c]o-owned property," like Salem's salary, is "subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the

4

No. 14-10751

State in which such property is located." *Id.*; *see also* 28 U.S.C. § 3010(a) ("The remedies available to the United States under this chapter may be enforced against property which is co-owned by a debtor and any other person only to the extent allowed by the law of the State where the property is located."). In other words, if this case were proceeding solely under the FDCPA, the Government could not garnish Salem's salary because Texas law does not allow it.

Compared in this manner, the MVRA and the FDCPA have conflicting provisions on which property is exempt from collection. The MVRA contains a limited number of exemptions, none of which is relevant here. In contrast, the FDCPA bases its exemptions on the relevant state law. Thus, if the FDCPA controls, Salem's salary is exempt from garnishment; if, on the other hand, the MVRA controls, then the Government may garnish Salem's salary. As might be expected, the Government argues that the MVRA controls, while Salem argues that the FDCPA controls. As discussed below, both Fifth Circuit precedent and the statutes themselves demonstrate that the MVRA controls.

Dealing with the same issue in the context of enforcing a federal tax lien, this court has held that state law does not exempt community property from federal tax collection efforts. *See Medaris*, 884 F.2d at 833–34. In particular, the court held that the IRS was entitled to attach the debtor's one-half interest in his wife's income—her solely managed community property—because her income was a community asset. *Id.* Texas's exemption for solely managed community property was inapplicable to the federal government because the Internal Revenue Code states that state laws cannot exempt property from federal tax collection efforts. *Id.* (citing 26 U.S.C. § 6334(c)); *see also United States v. Mitchell*, 403 U.S. 190, 204–05 (1971) (holding that state-law exemptions are not effective against the United States when it attempts to enforce a federal tax lien under the Internal Revenue Code). Instead, a court

5

No. 14-10751

could consult state law only to determine what property interests the debtor had. *See Medaris*, 884 F.2d at 833. Federal law then defined which property was subject to attachment for the unpaid taxes. *See id.* (noting that a tax lien "attaches against 'all property and rights to property . . . belonging to' the person liable for taxes" (quoting 26 U.S.C. § 6321)); *see also United States v. Craft*, 535 U.S. 274, 278 (2002) ("The federal tax lien statute itself creates no property rights but merely attaches consequences, federally defined, to rights created under state law." (internal quotation marks and citation omitted)); *Drye v. United States*, 528 U.S. 49, 58 (1999) ("We look initially to state law to determine what rights the taxpayer has in the property the Government seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as 'property' or 'rights to property' within the compass of the federal tax lien legislation.").

Salem attempts to distinguish *Medaris* by noting that it was a tax case that did not involve the FDCPA. The MVRA, however, explicitly states that fines, including special assessments, are to be treated in the same manner as tax liens. *See* 18 U.S.C. §§ 3013(b), 3613(c). Like the enforcement of a tax lien under the Internal Revenue Code, the United States may enforce a judgment imposing a fine against all of the property in which the debtor has an interest. *Compare* 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon *all property and rights to property . . . belonging to such person*." (emphasis added)), *with* 18 U.S.C. § 3613(a) ("[A] judgment imposing a fine may be enforced against *all property or rights to property of the person fined . . . .*" (emphasis added)). *See United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719–20 (1985) ("The statutory language 'all property and rights to property,' . . . is broad and reveals on its face that Congress meant

to reach *every* interest in property that a taxpayer might have." (emphasis added) (quoting 26 U.S.C. § 6321)).

This court has applied the reasoning of *Medaris* in the context of collecting federal criminal debts. In *United States v. Loftis*, this court first recognized that the MVRA "makes a restitution order enforceable to the same extent as a tax lien." 607 F.3d 173, 179 n.7 (5th Cir. 2010) (citing 18 U.S.C. § 3613(c)). After recognizing that state-law exemptions do not apply under the MVRA, the court then concluded that the district court had correctly held that the United States could garnish the debtor's one-half interest in community property that was solely managed by his non-debtor wife, including her retirement savings account. *Id.* (citing 28 U.S.C. § 3003(b)(1)). Similarly, in *United States v. DeCay*, this court held that the MVRA authorizes the United States to garnish a defendant's retirement plan benefits, even when those benefits cannot be garnished under other federal and state laws. 620 F.3d 534, 543 (5th Cir. 2010). Again, the court emphasized that state- and federal-law exemptions outside those listed in § 3613(a) do not apply to the collection of federal criminal debt. *Id.* at 539–43. Furthermore, if state constitutional and statutory law exempt assets from collection, the court held that those state laws are preempted by federal law. *Id.* at 543. In sum, these cases demonstrate that the United States' judgment liens, whether for federal taxes or federal criminal debt, attach to the following community property defined under Texas law: (1) all of the debtor's solely managed community property; (2) all of the couple's jointly managed community property, including the non-debtor spouse's undivided one-half interest in the property; and, important here, (3) the debtor's one-half interest in his non-debtor spouse's solely managed community property, including her income. *See Loftis*, 607 F.3d at 178–79 & n.7; *Medaris*, 884 F.2d at 833–35.

No. 14-10751

Salem first attempts to distinguish *Loftis* and *DeCay* by noting that they dealt with restitution orders, not special assessments. Despite the differences between the two types of criminal debt, however, the MVRA treats both restitution and special assessments in the same manner. *See* 18 U.S.C. §§ 3013(b), 3613(a), (f). Salem next argues that the MVRA is inapplicable because the Government elected to proceed under the FDCPA, not the MVRA. This argument fails for two reasons. First, it is the MVRA that authorizes the Government to proceed under the FDCPA; it is therefore inaccurate to say that the MVRA is inapplicable as a matter of law. *See* 18 U.S.C. § 3613(a). Second, the Government cited the MVRA as a basis for its application for a writ of garnishment in the district court. Thus, there is no waiver or forfeiture to consider.

Salem also relies on two unpublished Fifth Circuit opinions. Neither supports her position. First, in *United States v. Seymour*, this court relied on Mississippi property law to determine what ownership interest, if any, the wife of a criminal defendant had in a joint bank account. 275 F. App'x 278, 280–81 (5th Cir. 2008) (per curiam). The court in *Seymour* looked to state law only to determine what property interests the defendant and his wife had in the bank account, but not to determine whether those assets were exempt from garnishment.[2] *See id.* Ultimately, after concluding that the wife had not demonstrated that she had a property interest in the bank account under Mississippi law, the court held that the district court erred in allowing the government to garnish only half of the account, instead of allowing it to garnish the entire account. *See id.*

---

[2] The Eleventh Circuit similarly relied on state law in *United States v. Duran*, 701 F.3d 912, 915–16 (11th Cir. 2012) (per curiam) (remanding so that the district court could determine "the respective ownership interests, if any," of the parties).

8

No. 14-10751

The court similarly looked to state law in *United States v. Aguirre*, 476 F. App'x 333 (5th Cir. 2012) (per curiam). There, the court affirmed the district court's denial of a motion for relief from foreclosure when the wife of a criminal defendant failed to establish that the property was her solely managed community property. *Id.* at 335. As a result, the government was entitled to all of the foreclosure proceeds from the property because, under Texas law, community property that is solely or jointly managed by the debtor (not the debtor's spouse) is subject, in its entirety, to the debtor's liabilities. *See id.* (citing *Loftis*, 607 F.3d at 178). Thus, neither of the cases that Salem cites supports her argument that the FDCPA's state-law limitations apply in her case. Once state-law property interests are defined, federal law controls the consequences.

Section 3613's "notwithstanding" clause underscores the conclusion that the state-law limitations in the FDCPA are inapplicable when the United States is enforcing a federal criminal debt. Section 3613(a) states that "[n]otwithstanding any other Federal law . . . , a judgment imposing a fine may be enforced against *all* property or rights to property of the person fined." 18 U.S.C. § 3613(a) (emphasis added). This court has interpreted this "notwithstanding" clause as "signal[ing] a clear Congressional intent to override conflicting federal law." *DeCay*, 620 F.3d at 540; *cf. Cisneros v. Alpine Ridge Grp.*, 508 U.S. 10, 18 (1993) ("[T]he use of such a 'notwithstanding' clause clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."); *United States v. Novak*, 476 F.3d 1041, 1046–49 (9th Cir. 2007) (en banc) (holding that even though ERISA's anti-alienation provision conflicts with § 3613(a) of the MVRA, the MVRA resolves this conflict by specifying that all property is covered "[n]otwithstanding any other Federal law" (alteration in original) (quoting 18 U.S.C. § 3613(a)). Thus, even though the MVRA and the

9

No. 14-10751

FDCPA have conflicting provisions on the applicability of state-law property exemptions, the MVRA controls.

In reply, Salem argues that § 3613's "notwithstanding" clause did not implicitly repeal the state-law limitations in the FDCPA. She also notes that § 3613 explicitly states that the exemptions contained in the FDCPA, 28 U.S.C. § 3014, do not apply to the enforcement of a federal criminal judgment. *See* 18 U.S.C. § 3613(a)(2). According to Salem, because § 3613 specifically bars applying the exemptions in one part of the FDCPA (28 U.S.C. § 3014) in criminal cases, other garnishment limitations in the statute, including the state-law limitation in 28 U.S.C. §§ 3010(a) and 3205(a), should apply in criminal cases.

Although Salem's *expressio unius* argument is not unfounded, it conflicts with the "notwithstanding" clause, which this court has already construed as controlling when faced with conflicting federal law. *See DeCay*, 620 F.3d at 540. Moreover, Salem admits that the nearly identical "notwithstanding" clause in the Internal Revenue Code, *see* 26 U.S.C. § 6334(c), bars the application of state-law exemptions in the federal tax context.[3] Finally, the FDCPA clarifies

---

[3] The parties also offer competing interpretations of § 3003(b)(2) of the FDCPA. Section 3003(b)(2) states that the FDCPA "shall not be construed to curtail or limit the right of the United States under any other Federal law or any State law . . . to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." 28 U.S.C. § 3003(b)(2). The Government argues that § 3003(b)(2) supports its position that the FDCPA's state-law limitation does not apply to the enforcement of federal criminal debt. Salem, in contrast, believes that § 3003(b)(2) simply means that the limitations in the FDCPA do not prevent the government from employing other statutory collection procedures that may be available.

Salem's interpretation is consistent with the FDCPA's legislative history. The law was enacted "to create a comprehensive statutory framework for the collection of debts owed to the United States government." H.R. Rep. No. 101-736 (1990), *available at* 1990 WL 200442. Although the Act did not eliminate state-law collection mechanisms as options, the Act ultimately sought to transition away from the "patchwork of State laws governing collection procedures." *Id.* Nevertheless, even though Salem's interpretation of § 3003(b)(2) may be correct, it does not override the "notwithstanding" clause in the MVRA or the provision

No. 14-10751

that, "[t]o the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter." 28 U.S.C. § 3001(b). Thus, when the FDCPA's procedures conflict with the procedures laid out in another federal law, it is the other procedures—here, the procedures in the MVRA—that must apply.

In sum, both the relevant statutes and the caselaw support the Government's position that state-law exemptions are inapplicable when the United States is enforcing a federal criminal debt. The Government is therefore entitled to garnish Elashi's one-half interest in Salem's solely managed community property, including her Brighter Horizons salary, to satisfy Elashi's special assessment.

## CONCLUSION

For these reasons, we AFFIRM the district court's final order of garnishment.

---

stating that federal criminal debt is treated in the same manner as a federal tax lien. *See* 18 U.S.C. § 3613(a), (c).

## *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

August 04, 2015

Ms. Karen S. Mitchell
Northern District of Texas, Dallas
United States District Court
1100 Commerce Street
Earle Cabell Federal Building
Room 1452
Dallas, TX 75242

     No. 14-10751 cons/w 14-10800   USA v. Ghassan Elashi
            USDC No. 3:13-CV-4434

Dear Ms. Mitchell,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

               Sincerely,

               LYLE W. CAYCE, Clerk

               By: _____
               Nancy F. Dolly, Deputy Clerk
               504-310-7683

cc:
    Mrs. Marlo Pfister Cadeddu
    Mr. John D. Cline
    Ms. Megan J. Fahey